NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted May 14, 2020*
Decided May 18, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| Nos. 19-2122 & 19-2945 | |
| RAUL PLAZA-RAMIREZ, *Petitioner*, | Petitions for Review of Orders of the Board of Immigration Appeals. |
| *v.* | |
| WILLIAM P. BARR, Attorney General, *Respondent*. | No. A087-947-839 |

**Order**

Two years ago, this court denied Raul Plaza-Ramirez's petition for review of a final order for his removal from the United States to Mexico. *Plaza-Ramirez v. Sessions*, 908 F.3d 282 (7th Cir. 2018). While that petition was pending, Plaza-Ramirez filed with the Board of Immigration Appeals both a motion to reopen and a motion to reconsider. The Board denied those motions, and Plaza-Ramirez did not seek judicial review. Then he

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

filed a second motion to reopen, contending that he is now the father of a child, who would suffer hardship if her father were removed to Mexico. He cited *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), in support of his request for cancellation of removal, though he did not explain how that decision helped him.

The Board denied this motion for two reasons: First, the statute and regulations allow only one motion to reopen, which must be filed within 90 days of the original decision. 8 U.S.C. §1229a(c)(7)(A), (C)(i); 8 C.F.R. §1003.2(c)(2). Plaza-Ramirez's new motion was untimely and successive. Second, the Board concluded that *Pereira* did not afford Plaza-Ramirez any relief. (The Board added that it would not exercise in the alien's favor its discretion to reopen *sua sponte*.)

Plaza-Ramirez filed a petition seeking judicial review of that decision, and he also asked the Board to reconsider. The Board denied that motion, reiterating its conclusion that *Pereira* does not provide Plaza-Ramirez with any benefit and adding that it cannot make exceptions to the statute on general humanitarian grounds, such as the hardship caused by separating a parent from a child. Plaza-Ramirez filed a petition to review that decision too. We have jurisdiction to the extent that Plaza-Ramirez advances legal arguments. See *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020).

Plaza-Ramirez asks us to hold that *Pereira* makes him eligible for cancellation of removal on the ground that it prevents either the original Notice to Appear (dated June 5, 2010) or the later document setting the hearing (dated June 16, 2010) from stopping the accrual of time toward 10 years of physical presence in the United States. *Pereira* itself does not address the question whether two documents (one with a hearing date and one without) can be combined to yield one valid Notice to Appear, which stops the accrual of time. Two courts of appeals have held, however, that *Pereira* implies a negative answer, while two others have held that treating two documents as one valid Notice is permissible. Compare *Guadalupe v. Attorney General*, 951 F.3d 161 (3d Cir. 2020), and *Banuelos-Galviz v. Barr*, 953 F.3d 1176 (10th Cir. 2020), with *Garcia-Romo v. Barr*, 940 F.3d 192, 202 (6th Cir. 2019), and *Yanez-Pena v. Barr*, 952 F.3d 239 (5th Cir. 2020). That question is pending before another panel of this court in *Chen v. Barr*, No. 19-2375 (argued Mar. 3, 2020).

The answer does not matter to this proceeding, however, because Plaza-Ramirez lost on two grounds: the time-and-number limits and the Board's conclusion that *Pereira* does not assist him. Plaza-Ramirez contests the second but ignores the first. The agency's brief in this court contends that this constitutes a waiver and asks us to deny the petitions for that reason alone. Plaza-Ramirez did not file a reply brief, effectively conceding the point.

As we have held repeatedly, an alien who loses before the Board on multiple grounds must contest all of them in the court of appeals. A good argument on one ground does not matter if another independent ground supports the decision. See, e.g., *Malukas v. Barr*, 940 F.3d 968 (7th Cir. 2019). We recently applied that principle to dismiss another alien's petition that relied on *Pereira* while ignoring a time-and-number problem. See *Liang v. Barr*, No. 19-2682 (7th Cir. Mar. 4, 2020) (nonprecedential disposition). The same outcome is appropriate here.

The Board is free to accept an untimely or number-barred motion if the alien provides a good reason. Yet Plaza-Ramirez has not contended that the Board abused its discretion in concluding that he lacks a good reason. Having ignored the time-and-number problem, Plaza-Ramirez has bypassed any opportunity to argue abuse of discretion (if that subject is open to review under the approach of *Guerrero-Lasprilla*). And it is difficult to see how Plaza-Ramirez could have had a good reason for waiting as long as he did. As we observed in *United States v. Manriquez-Alvarado*, 953 F.3d 511 (7th Cir. 2020), the question presented in *Pereira* had been kicking around for years, and the Court's decision was based on a statute enacted in 1996, long before Plaza-Ramirez's removal proceedings began.

The petitions for review are denied.